IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:25-cr-00095-IM-1 |
| v. | **OPINION AND ORDER DENYING** |
| **NELSON PABLO-MORALES**, | **MOTIONS TO DISMISS, SUPPRESS,** |
| Defendant. | **AND COMPEL DISCOVERY** |

**IMMERGUT, District Judge.**

Before this Court are Defendant's Motion to Dismiss, Motion to Compel Discovery, and Motion to Suppress. ECF 44. The Government opposes the motions. Response to MTD ("Resp."), ECF 51. This Court held oral argument on May 16, 2025. ECF 63. For the following reasons, Defendant's motions are denied.

**DISCUSSION**

This Court first addresses Defendant's Motion to Dismiss. Finding that dismissal is not appropriate, this Court assesses Defendant's Motion to Compel Discovery, then turns to the Motion to Suppress.

### A. Motion to Dismiss ("MTD")

Defendant argues that dismissal or suppression of evidence is required under Federal Rule of Criminal Procedure 5 and the Fourth Amendment to the U.S. Constitution because thirty-one days elapsed between Defendant's immigration arrest and his appearance before a magistrate judge on his criminal charge. MTD, ECF 44 at 3. This Court provides the relevant background and addresses Defendant's procedural and constitutional arguments in turn.

#### 1. Background

The following facts are not in dispute.

On February 5, 2025, Immigration and Customs Enforcement (ICE) officers learned of Defendant's presence in the United States. MTD, Ex. A, ECF 44-1 at 2. ICE officers determined that Defendant had previously been removed from the United States and they could not locate any record of legal entry. *Id.*

On February 11, 2025, ICE officers arrested Defendant for an immigration violation and brought him to the ICE office "for processing." *Id.* at 3. ICE officers served Defendant with the reinstatement of removal Form I-871. *Id.* ICE officers provided Defendant with a "free legal services listing" and "consular rights notification form." *Id.* at 4. ICE officers took Defendant's fingerprints and charged him with alien inadmissibility under 8 U.S.C. § 1182. Resp., Ex. A, ECF 51-1 at 1–2. ICE officers attempted to take a sworn statement from Defendant, which he declined. Response to Motion to Suppress, Ex. A, ECF 47-1. ICE obtained a warrant of removal, MTD, Ex. B, ECF 44-2, and transported Defendant to an immigration detention facility in Tacoma "for repatriation." MTD, Ex. A, ECF 44-1 at 4. The Form I-213 also states that ICE officers "referred [Defendant] to the US Attorney's office for consideration of prosecution for 8 USC 1326." *Id.*

On February 25, 2025, an ICE officer emailed the United States Attorney's Office for the District of Oregon with the subject line "Prosecution Referral PABLO-Morales, Nelson in ICE custody," that describes the immigration arrest and ICE detention of Defendant. Resp., Ex. C, ECF 52 (filed under seal).

On March 3, 2025, a fingerprint examiner performed a fingerprint analysis and concluded that Defendant's fingerprint taken at his arrest matched a 2017 notice of removal. MTD, Ex. C, ECF 44-3 at 2.

On March 4, 2025, ICE officers submitted a Prosecution Report to the U.S. Attorney's Office. *Id.* at 3.

On March 11, 2025, a federal grand jury indicted Defendant for illegal reentry in violation of 8 U.S.C. § 1326(a). Indictment, ECF 1.

On March 12, 2025, the Government filed the indictment. *Id.*

On March 13, 2025, Defendant appeared before a magistrate. ECF 6.

### 2. Rule 5 Does Not Apply to Defendant's Civil Immigration Arrest

Defendant argues that the delay between his immigration arrest on February 11, 2025, and presentment to a magistrate on March 13, 2025, violates Federal Rule of Criminal Procedure 5. MTD, ECF 44 at 4–9. Defendant does not assert any violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Assuming without deciding that Defendant's immigration arrest triggered the Speedy Trial Act's thirty-day clock, § 3161(b), Defendant was indicted within thirty days of his immigration arrest, satisfying this requirement.

Rule 5(a) requires a defendant who has been arrested to be brought before a magistrate "without unnecessary delay." The Ninth Circuit has explicitly held, however, that the Rule 5

provision requiring a preliminary examination is "inapplicable to civil deportation arrests."
*United States v. Cepeda-Luna*, 989 F.2d 353, 358 (9th Cir. 1993).

Relying on an out-of-district case, Defendant argues that his immigration arrest was criminal because ICE officers "used his arrest and detention to prepare the case for prosecution rather than to effect his removal." MTD, ECF 44 at 9 (citing *United States v. Cabral*, No.C.R.98-10188, 1998 WL 1543567, at *1 (D. Mass. June 10, 1998)). In *Cabral*, the court found a Rule 5 violation—although it denied the motion to dismiss for lack of prejudice—because:

> The defendant was arrested for committing a federal felony. The arrest was from its inception criminal, not civil. The [Immigration and Naturalization Service ("INS")] treated the arrest as civil as a means of detaining the defendant until criminal charges were brought. The defendant was not detained to accomplish his deportation. Consistent with INS's standard practice, it took no steps to accomplish the defendant's deportation while he was detained because he was subject to prosecution. Moreover, the Deportation Unit of the INS intended to take no such steps to deport the defendant.

1998 WL 1543567, at *1.

*Cabral* differs from the instant case. Here, ICE officers arrested Defendant for an immigration violation, not a federal felony. ICE charged Defendant with alien inadmissibility under 8 U.S.C. § 1182 and took steps to deport Defendant. They brought Defendant to the ICE office for processing, and at the office, they served Defendant with the reinstatement of removal Form I-871. ICE officers took Defendant's fingerprints and attempted to take a sworn statement from Defendant. ICE officers obtained a warrant of removal and transported Defendant to an immigration detention facility in Tacoma for repatriation. These steps show ICE's intent to deport Defendant.

Defendant argues that, despite taking these steps, the Government impermissibly used "immigration detention as a 'mere ruse' to circumvent" the Rule 5 procedural safeguards. MTD,

PAGE 4 – OPINION & ORDER ON MOTION TO DISMISS, SUPPRESS, AND COMPEL DISCOVERY

ECF 44 at 7 (citing *United States v. Cepeda-Luna*, 989 F.2d 353, 358 (9th Cir. 1993)). But

*Cepeda-Luna* addressed the Speedy Trial Act, not Rule 5. Even if Rule 5 applies to civil

immigration arrests where immigration detention is a ruse, Defendant has not provided any direct

or indirect support for a conspiracy between prosecutors and ICE "to extend his detention until

an indictment could be returned." *United States v. Pena-Carrillo*, 46 F.3d 879, 883 (9th Cir.

1995); *see also United States v. Cuenca-Vega*, No. CR 10-00419, 2012 WL 1067393, at *2 (N.D.

Cal. Mar. 28, 2012) ("The fact that the arrest report states that the federal authorities have

'accepted' the case for prosecution does not establish that the authorities 'colluded' with ICE

agents to detain defendant in order to bypass the requirements of Rule 5."). ICE's investigation,

processing, and subsequent referral of Defendant for potential prosecution does not convert his

civil immigration arrest into a criminal one subject to Rule 5.[1]

### 3. Defendant's Civil Immigration Arrest Does Not Implicate the Fourth Amendment

Defendant also argues that his arrest was unconstitutional under the Fourth Amendment.

MTD, ECF 44 at 1–2. The Fourth Amendment requires prompt judicial determination of

probable cause for persons subject to a warrantless criminal arrest as a prerequisite to an

extended pretrial detention. *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975); *Cnty. of Riverside v.*

---

[1] Defendant also cites *United States v. Sotoj-Lopez*, 603 F.2d 789, 790–91 (9th Cir. 1979) to support his assertion that Rule 5 "applies when immigration authorities arrest a noncitizen for both immigration proceedings and criminal charges." Mot., ECF 44 at 7. In *Sotoj-Lopez*, the defendant was simultaneously arrested for a civil immigration offense and assault with a deadly weapon. 603 F.2d at 790. This was not the case here; ICE officers arrested Defendant for a civil immigration offense and subsequently referred him for prosecution. ICE officers were therefore not required to comply with Rule 5 at the time of Defendant's civil arrest. *Id.* at 791 ("Federal officers must comply with Rule 5(a) if the alien is being charged with a non-status offense.").

PAGE 5 – OPINION & ORDER ON MOTION TO DISMISS, SUPPRESS, AND COMPEL DISCOVERY

*McLaughlin*, 500 U.S. 44, 47 (1991) (holding a judicial determination within 48 hours of criminal arrest is presumptively sufficient).

Defendant argues that *Gerstein* "applies to the civil immigration context," and therefore he was unlawfully detained for thirty-one days between his immigration arrest and probable cause determination. MTD, ECF 44 at 10 (citing *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 824 (9th Cir. 2020)).

*Gonzalez* was a class action challenging ICE's policy of issuing immigration detainers solely based on electronic database checks. 975 F.3d at 797. The class representative was a U.S. citizen booked on state law criminal charges and held in county jail. *Id.* ICE determined that he was removable and issued an immigration detainer against him to keep him in jail for up to five additional days after his release from custody on state charges. *Id.* Relevant here, the plaintiffs brought *Gerstein* claims based on the government's failure to provide them with probable cause determinations by a magistrate. *Id.* at 800. The district court held that *Gerstein* does not apply to the civil immigration context and granted summary judgment for the government. *Id.* at 801 The Ninth Circuit reinstated the *Gerstein* claims, holding that detention without an administrative warrant "for more than 48 hours pursuant to an immigration detainer implicates *Gerstein*." *Id.* at 826 & n.27.

This Court is not persuaded that *Gonzalez* applies to the instant case. Here, Defendant was not subject to an immigration detainer or hold while in federal, state, or local custody. ICE officers arrested Defendant for a civil immigration offense and obtained an administrative warrant the same day. Warrant of Removal, ECF 44-2 at 1 (ordering that Defendant be "take[n] into custody and remove[d] from the United States"). Defendant was lawfully held in ICE's custody for one month. *See* 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the

Attorney General shall remove the alien from the United States within a period of 90 days."). This Court declines to stretch *Gonzalez* to require prompt presentment in this case.

*    *    *

Defendant stresses that the "critical point" of his Motion to Dismiss "is that the ICE agent processing [Defendant] determined on the day of his arrest that he was going to prepare his case for criminal prosecution. From the beginning, there was an intent to prosecute" sufficient to trigger Rule 5 and the Fourth Amendment. Reply, ECF 57 at 6. The record does not reflect any such intent. ICE officers noted on February 11, 2025 that Defendant was "being referred to the US Attorney's office for consideration of prosecution," MTD, Ex. A, ECF 44-1 at 4, emailed the U.S. Attorney's office a "Prosecution Referral" on February 25, 2025. Ex. C, ECF 52 (filed under seal), and submitted a Prosecution Report on March 4, 2025. MTD, Ex. C, ECF 44-3 at 2. But an ICE officer's intent to *refer* for a potential criminal charge, after processing the immigration offense, does not reflect the U.S. Attorney's office's intent to prosecute.

Because Rule 5 and the Fourth Amendment do not apply, dismissal or suppression on those grounds is inappropriate.

## B.  Motion to Compel Discovery

Defendant requests that this Court compel discovery of "government communications relevant to the purpose of [Defendant's] arrest." MTD, ECF 44 at 16. Specifically, he requests:

> 1) any and all communications, including emails, letters, text messages, memoranda, or voicemails between any immigration authority and any member of the United States Attorney's Office or their agents regarding [Defendant] from February 5, 2025, through March 13, 2025.

> 2) any and all communications, including emails, letters, text messages, memoranda, or voicemails amongst any and all immigration authorities and their agents regarding [Defendant] from February 5, 2025, through March 13, 2025.

PAGE 7 – OPINION & ORDER ON MOTION TO DISMISS, SUPPRESS, AND COMPEL DISCOVERY

Reply, ECF 57 at 9.

Federal Rule of Criminal Procedure 16(a)(1)(e)(i) requires the government to disclose "documents . . . within the government's possession, custody, or control" that are "material to preparing the defense." Defendant maintains that the requested discovery is "material to his motion to dismiss," namely his "defense that the true purpose of his detention was for criminal prosecution" in violation of the Fourth Amendment and Rule 5. MTD, ECF 44 at 17. But the "defense" means "the defendant's response to the [g]overnment's case in chief," not the affirmative argument of a constitutional or procedural violation, which does not serve to "refute the Government's arguments that [Defendant] committed the crime charged." *United States v. Armstrong*, 517 U.S. 456, 462, (1996). In addition, this Court agrees with the Government that these communications are exempt from disclosure under Rule 16(a)(2) (exempting "internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case"). Resp., ECF 51 at 14.[2]

## C.  Motion to Suppress

Defendant moves to suppress the fingerprints ICE officers obtained during booking. MTD, ECF 44 at 14. Defendant argues that the exclusionary rule applies because his fingerprints were "taken for the purpose of investigating possible illegal activity by a noncitizen." *Id.* (citing *United States v. Garcia-Beltran*, 389 F.3d 864, 867–68 (9th Cir. 2004)). This Court disagrees.

---

[2] Defendant may be entitled to one or more such communications if it amounts to a "statement" under the Jencks Act, but only after direct examination of the witness at trial. 18 U.S.C. § 3500(b); *id.* § 3500(e)(1). This Court previously ordered the Government to provide a copy of Exhibit C, ECF 52 (filed ex parte under seal) to the defense because the Government relied on it in its Response to the MTD, ECF 51 at 3, and it is subject to the Jencks Act if Officer James testifies as planned. Order, ECF 56. The Government stated on the record at oral argument that it had complied with this Order.

PAGE 8 – OPINION & ORDER ON MOTION TO DISMISS, SUPPRESS, AND COMPEL DISCOVERY

The Ninth Circuit has held that the Fourth Amendment is not implicated when immigration officials take fingerprints "for the sole purpose of proving . . . identity" rather than for "investigatory purposes." *United States v. Parga-Rosas*, 238 F.3d 1209, 1215 (9th Cir. 2001). Thus, once the government is aware of a person's identity, "the government may make use of [fingerprint] information" as evidence supporting illegal reentry charges. *United States v. Garcia-Beltran*, 443 F.3d 1126, 1134 (9th Cir. 2006). Here, ICE officers already knew Defendant's identity from prior investigation and surveillance, MTD, Ex. A, ECF 44-1 at 2, and confirmed his identity when he presented his driver's license during his arrest. *Id.* at 3. Only after such confirmation did ICE officers take a fingerprint exemplar from Defendant. Resp., Ex. A, ECF 51-1 at 1. This Court declines to suppress Defendant's fingerprints obtained during booking.

**CONCLUSION**

Defendant's Motion to Dismiss, Motion to Compel Discovery, and Motion to Suppress, ECF 44, are DENIED.

**IT IS SO ORDERED.**

DATED this 19th day of May, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
